IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PARAZETTA HOWARD, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:09-CV-85 (CDL) |
| PINNACLE CREDIT SERVICES, LLC, | * | |
| Defendant. | * | |

O R D E R

This action arises from Plaintiff Parazetta Howard's allegations that Defendant Pinnacle Credit Services, LLC failed to conduct a reasonable investigation into her dispute that she did not owe a credit card debt and that Defendant attempted to collect the debt it knew or should have known Plaintiff did not owe. Plaintiff brings federal law claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), as well as various state law claims. Presently pending before the Court is Defendant's Motion for Summary Judgment (Doc. 15). For the following reasons, the Court finds that Plaintiff's claims under the FCRA and FDCPA fail as a matter of law, and therefore, Defendant's motion is granted as to Plaintiff's federal law claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and

those claims are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

PERTINENT FACTUAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed for purposes of the pending summary judgment motion.

**I.  The Defaulted Credit Card Account**

Plaintiff's adult daughter, Hilda Howard ("Hilda"), who lives with Plaintiff, entered into a credit card agreement with Bank of America. At some point after Hilda opened the account, she put Plaintiff's name on the account along with her own. Plaintiff did

not authorize Hilda to obtain a credit card account using her name.[1] (Pl.'s Dep. 66:21-23, 67:18-20, Jan. 21, 2010.) Bank of America issued two cards on the account, one with Hilda's name on it and another with Plaintiff's name on it. (*Id.* at 65:20-21.) Plaintiff kept the credit card at her residence, but she never used the card. (*Id.* at 65:20-23, 66:5-7, 87:21-25, 88:1-4.) Payments on the card were made from one of Plaintiff and Hilda's two shared bank accounts. (*Id.* at 52:24-53:10.) Plaintiff received monthly statements on the account from Bank of America, and they were addressed to both Plaintiff and Hilda. (*Id.* at 54:10-17, 55:10-19.)

The Bank of America credit card went into default in 2004, and Hilda filed for bankruptcy in October of 2005. Beginning in November of 2005, Plaintiff started receiving monthly statements on the Bank of America credit card addressed only to Plaintiff. Plaintiff understood that Bank of America was looking to her to satisfy the balance on the account. (*Id.* at 75:17-76:19.) Plaintiff began receiving telephone calls from Bank of America demanding payment, and during one such call, a Bank of America representative informed Plaintiff that Bank of America had examined her credit report. (*Id.*

---

[1]Plaintiff disputes whether she was added by Hilda as a responsible party on the account or as an authorized user only. Plaintiff contends that she neither signed a document nor executed any contract or agreement which would have made her a legal joint obligor or otherwise made her liable for the Bank of America credit card. (Attach. 1 to Pl.'s Resp. to Mot. for Summ. J., Pl.'s Aff. ¶ 4, May 13, 2010.)

3

at 91:21-92:8.) As a result, Plaintiff requested a copy of her credit report from TransUnion. (*Id.* at 92:9-23.) Upon receipt of the credit report, Plaintiff first became aware that Bank of America was reporting the account to one or more credit reporting agencies. (*Id.* at 95:2-5.) Although Plaintiff believed that the reporting of the Bank of America account was inaccurate, she did not dispute the information with either Bank of America or TransUnion. (*Id.* at 95:10-25, 96:11-21.)

In May of 2008, Fourscore Resource Capital, LLC ("Fourscore") purchased the defaulted Bank of America account from FIA Card Services, N.A. (Attach. 1 to Mem. in Supp. of Def.'s Mot. for Summ. J. [hereinafter Def.'s Mem.], Schofield Aff. ¶ 6, Apr. 5, 2010.) Subsequently, Fourscore assigned the account to Defendant for servicing, and Defendant hired a collection agency to collect the defaulted debt. (*Id.* ¶¶ 8-9.) When Plaintiff requested and received a copy of her credit report from three major credit reporting agencies—TransUnion, Equifax, and Experian—Plaintiff saw that Bank of America continued to report that account, but the reports indicated that the Bank of America account was "*[p]urchased by another lender*." (*E.g.*, Def.'s Ex. 23 to Pl.'s Dep., Experian Credit Report 2, Aug. 15, 2008.) Plaintiff saw that Defendant was reporting the account as well. (*Id.* at 3.)

4

## II. Defendant's Investigation

In February of 2009, Plaintiff retained counsel, who sent correspondence to TransUnion, Experian, and Equifax, informing them that the debt was disputed and that an investigation of the dispute was necessary. (Pl.'s Dep. 146:22-147:7; *see* Ex. E to Pl.'s Resp., Letter from John Roper to Equifax, TransUnion, & Experian, Feb. 18, 2009.) The letter, however, failed to provide any information regarding the nature of Plaintiff's dispute. The letter demanded that the credit reporting agencies investigate the "completeness or accuracy" of Plaintiff's dispute without any explanation as to what Plaintiff was disputing. (*Id.*)

That same month, all three credit reporting agencies communicated Plaintiff's dispute to Defendant as follows: "Consumer states inaccurate information. Provide or confirm complete ID and account information." (Attach. 2 to Def.'s Mem., Betzold Aff. ¶¶ 3, 6-7, Apr. 5, 2010; Attach. 3 to Def.'s Mem., Vita Aff. ¶¶ 3, 6-7, 17, 20-21, Apr. 5, 2010.) None of the agencies told Defendant anything more about the nature of the dispute. Further, Plaintiff admits that she does not know what action Defendant took in response to the notices of dispute. (Pl.'s Dep. 156:11-157:8, 165:2-21, 168:20-25.)

In conducting its investigation into Plaintiff's dispute, Defendant reviewed its records regarding Plaintiff's account, which included Plaintiff's name, address, social security number, date of

5

birth, telephone number, balance due, date of last payment, date of delinquency, account number, identity of the original creditor, and charge off date. (Betzold Aff. ¶¶ 8, 10; Vita Aff. ¶¶ 8, 10, 22, 24.) Defendant also reviewed all relevant information provided to it by the credit reporting agencies, which included Plaintiff's name, address, social security number, date of birth, and telephone number. (Betzold Aff. ¶ 11; Vita Aff. ¶ 11.) Defendant reported the results of the investigation back to each respective credit bureau. (Betzold Aff. ¶ 12; Vita Aff. ¶¶ 12, 26.) The credit bureaus then reported back to Plaintiff the results of Defendant's investigation, which confirmed Plaintiff's identity as being associated with the Bank of America account.

DISCUSSION

## I. The Fair Credit Reporting Act

Plaintiff contends that Defendant willfully or negligently violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate her dispute. Section 1681s-2(b) states:

> After receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency . . . ;
> (C) report the results of the investigation to the consumer reporting agency;

6

> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation . . . , for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

Section 1681s-2(b) generally requires credit information furnishers to conduct a *reasonable* investigation upon receiving notice of a dispute. *E.g.*, *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004); *cf. Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) (interpreting analogous statute governing reinvestigations of consumer disputes by credit reporting agencies to require reasonable investigations). "Whether a defendant's investigation is reasonable is a factual question normally reserved for trial; however, summary judgment is proper if the reasonableness of the defendant's procedures is beyond question." *Westra*, 409 F.3d at 827. Absent allegations of fraud, identity theft, or other issues not identifiable from the face of its records, the furnisher need not do more than verify that the reported

information is consistent with the information in its records. *See id.* Whether an investigation conducted by a furnisher in response to a notice of dispute is reasonable thus depends in large part on the allegations by the consumer and the notice of the allegations provided to the furnisher by the credit reporting agency.

In this case, the Court finds that the evidence establishes that Defendant reviewed all of its information, along with the information provided by the credit reporting agencies. It is undisputed that the only information provided to Defendant about Plaintiff's dispute was: "Consumer states inaccurate information. Provide or confirm complete ID and account information." (Betzold Aff. ¶ 6; Vita Aff. ¶¶ 6, 20.) The dispute did not explain that the debt did not belong to Plaintiff, that Plaintiff was the victim of her own daughter's unauthorized use of her name and credit, or that the account belonged to Plaintiff's daughter and not to Plaintiff. Based on the evidence before the Court establishing that Defendant reviewed all of the information it received regarding Plaintiff's dispute, and considering the "scant information [Defendant] received regarding the nature of [Plaintiff's] dispute," *Westra*, 409 F.3d at 827, the Court finds that Defendant conducted a reasonable investigation into

Plaintiff's dispute. Accordingly, the Court finds that Defendant is entitled to summary judgment as to Plaintiff's FCRA claims.[2]

**II. The Fair Debt Collection Practices Act**[3]

Next, Plaintiff claims Defendant violated 15 U.S.C. § 1692f(1), which provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Specifically, Plaintiff contends that Defendant failed to produce to Plaintiff the underlying agreement creating the debt. However, the FDCPA does not require Defendant to maintain or obtain a copy of the underlying agreement that created the debt. Rather, the FDCPA merely requires Defendant to verify the debt by mailing to Plaintiff the name and address of the original creditor or a copy of any judgment

---

[2]To the extent Plaintiff asserts a violation of 15 U.S.C. § 1681s-(2)(a), Defendant is entitled to summary judgment because there is no private right of action based on a furnisher's failure to comply with § 1681s-2(a). Rather, enforcement of that provision is left to federal and state agencies. 15 U.S.C. §§ 1681s-2(c), (d); *see, e.g.*, *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1154 (9th Cir. 2009); *Perry v. First Nat'l Bank*, 459 F.3d 816, 822 (7th Cir. 2006).

[3]The FDCPA "imposes civil liability on debt collector[s] for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010) (alteration in original) (internal quotation marks omitted).

9

that formed the basis of the debt. *See* 15 U.S.C. § 1692g(b). Therefore, the Court finds no merit in Plaintiff's contention that Defendant violated 15 U.S.C. § 1692f(1).

In addition, the Court finds no merit in Plaintiff's contention that Defendant violated 15 U.S.C. § 1692e. That section states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Here, the Court finds that Plaintiff failed to point the Court to any evidence from which a reasonable factfinder could conclude that Defendant knew or should have known that the account information was false, especially considering that Defendant confirmed the account as belonging to Plaintiff based on the identifying information in its records. Accordingly, the Court finds that Defendant is entitled to summary judgment as to Plaintiff's FDCPA claims.

CONCLUSION

As discussed above, the Court finds that Plaintiff's claims under the FCRA and the FDCPA fail as a matter of law. Accordingly, Defendant's Motion for Summary Judgment (Doc. 15) is granted as to Plaintiff's federal law claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

10

IT IS SO ORDERED, this 24th day of June, 2010.

                                        S/Clay D. Land
                                          CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE